UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELEVATING BOATS, LLC** | * | |
| | * | **CIVIL ACTION NO.: 2:23-cv-03905** |
| Plaintiff. | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE:** |
| | * | |
| **SANARE ENERGY PARTNERS, LLC** | * | |
| | * | |
| Defendant. | * | |
| | * | |

# COMPLAINT

Plaintiff, Elevating Boats, LLC ("EBI") sets forth its complaint for relief against Sanare Energy Partners, LLC ("Sanare") and avers as follows:

1.

EBI is a domestic limited liability company domiciled in Houma, Louisiana. EBI is in the business of providing vessels and maritime support services.

2.

Sanare is a foreign limited liability company domiciled in the State of Delaware with its principal business office located in Roanoke, Virginia. Sanare regularly conducts business within the jurisdiction of this Court, including specific business which gave rise to the subject claim.

3.

Venue is proper in this Court according to 28 U.S.C. § 1391 because Sanare maintains an office in this jurisdiction where it regularly conducts business such that it is subject to the jurisdiction of this Court.

4.

Subject matter jurisdiction is proper in this Court because this matter involves a breach of a vessel charter agreement to pay charter hire. Thus, jurisdiction is proper pursuant to 28 U.S.C. § 1333. Alternatively, jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the Parties are diverse and the amount in controversy exceeds $75,000.

5.

EBI and Sanare maintained a business relationship over several years whereby EBI would charter its vessels to Sanare at an agreed upon price according to the Parties' Blanket Charter Agreement dated July 7, 2020 and all attendant work orders and "Notices of Hire" issued thereunder (collectively, the "Charter").

6.

According to the Parties' Charter and related agreements, Sanare agreed to pay EBI for its hire of various EBI vessels as well as for other related services.

7.

In accordance with the Charter and related agreements, EBI issued to Sanare various invoices, and accepted certain partial payments, such that the outstanding balance owed to EBI totals one hundred thirty-nine thousand, two hundred seventy-eight dollars and twenty-six cents ($139,278.26).

8.

According to the terms of the Charter, Sanare was obligated to remit to EBI all payments within thirty (30) days of invoicing. EBI received partial payments at various times, but the above-described balance is past due and remains outstanding.

9.

On May 17, 2023, EBI sent formal written demand for payment of all outstanding invoices to Sanare's registered agent for service of process and to Sanare's contact for notices as set forth in the Charter. Sanare has not responded to the substance of the demand and has not satisfied its payment obligations to EBI.

## Breach of Contract

11.

EBI realleges the allegations contained in Paragraphs 1-9 of the Complaint.

12.

The aforementioned acts constitute an intentional breach of contract by Sanare under the General Maritime Laws of the United States. Sanare contracted with EBI for vessel services performed for the benefit of Sanare. In exchange, Sanare agreed to pay charter hire to EBI within thirty (30) days of receipt of EBI's invoices. Sanare has failed to pay its outstanding balance in accordance with agreed-upon contract terms.

13.

Pursuant to the Charter, EBI is entitled to the sums owed and actual damages, including all direct or indirect costs and/or expenses in collection of any amounts due as a result of Sanare's breach, including attorneys' fees. Additionally, EBI is entitled to interest and all other costs related to this suit under applicable law.

## Louisiana Open Account

14.

EBI realleges the allegations contained in Paragraphs 1-9 of the Complaint.

15.

Pursuant to Louisiana Revised Statute § 9:2781, EBI is entitled to recovery of all sums due it from Sanare, plus attorneys' fees, interest, and costs.

**Unjust Enrichment**

16.

EBI realleges the allegations contained in Paragraphs 1-9 of the Complaint.

17.

Sanare has unjustly enriched itself by withholding the funds properly due to EBI under the Charter and related agreements and intentionally or negligently failing to disburse the funds to EBI as provided in the Charter and related agreements.

18.

EBI is entitled to all equitable remedies due to this unjust enrichment.

**Damages**

19.

EBI realleges the allegations contained in Paragraphs 1-9 of the Complaint.

20.

EBI shows that its damages include, but are not necessarily limited to, the following:

A. Principal invoice amounts due – $139,278.26;

B. Interest;

C. Attorney's fees; and

D. All other expenses of this lawsuit.

WHEREFORE, Elevating Boats, LLC prays that, after due proceedings are had, there be judgment entered in its favor and against Sanare Energy Partners, LLC for damages sufficient to

compensate it for Sanare's breach of contract, intentional misconduct and/or negligence, and failure to pay on open account; for all equitable relief according to the equitable doctrines set forth herein and all damages to which EBI is entitled under these equitable doctrines; that all appropriate costs and expenses for prosecuting this action be taxed as costs and awarded to EBI at the conclusion of these proceedings; and for all attorney's fees incurred.

Respectfully submitted,

**KUCHLER POLK WEINER, LLC**

*s/Mark Best*
Mark E. Best (# 29090)
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: (504) 592-0691
Facsimile: (844) 731-2302
mbest@kuchlerpolk.com
***Counsel for Plaintiff,***
***Elevating Boats, LLC***